UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELVIS D. JENKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-0623 |
| | ) | Judge Echols |
| RYAN'S FAMILY STEAKHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM

Pending before the Court is the Motion for Summary Judgment filed by Defendant Ryan's Family Steakhouse (Docket Entry No. 18). Plaintiff has responded in opposition to the Motion (Docket Entry Nos. 27, 28 & 30) and Defendant has replied (Docket Entry No. 35).

### I. FACTS

This is an employment discrimination action filed under Title VII, 42 U.S.C. § 2000e *et seq.*, in which Plaintiff, an African American, claims he was discriminated against by his former employer, Defendant Ryan's Steakhouse. Plaintiff also claims that

1

he was subjected to retaliation in violation of Title VII.[1] The facts giving rise to Plaintiff's claims are as follows.

Plaintiff began his employment[2] as a dishwasher and rose to the position of meat cutter and grill cook. (Pf. SOF ¶¶ 1-2). His position was at the back of the store and he was not in regular view of the customers. (Id. ¶ 17).

When Plaintiff reported for work on February 24, 2004, the store's general manager advised Plaintiff that he was out of uniform because Plaintiff was wearing blue jeans instead of his issued pants. (Id. ¶¶ 3-5). This was the first time that Plaintiff reported for work out of uniform. (Id. ¶ 18).

Plaintiff was told to go home and change. (Id. ¶ 6). Plaintiff allegedly told the general manager that he had no clean uniform pants because his wife had been in the hospital and he had been caring for their two children. (Id. ¶ 7). Plaintiff claims he was then told to go home, wash his uniform pants, and return to

---

[1] In his brief, Plaintiff mentions that cases brought under Title VII and the Tennessee Human Rights Act ("THRA") are analyzed in the same manner and that therefore "this Court can consider the two claims concurrently." (Docket Entry No. 28 at 6). While the same analysis is applied to claims alleging violation of the THRA and Title VII, the Complaint in this case makes no allegation that Defendant violated the THRA. Even if a THRA claim was pled, Defendant would be entitled to summary judgment for the reasons set forth herein.

[2] The parties disagree over when Plaintiff began his employment. Plaintiff claims he began working for Defendant in July 2000, while Defendant claims it first employed Plaintiff in 2002. (Pf. SOF ¶ 1 and response thereto). This dispute is not material to resolution of this action.

work. (Id. ¶ 8). Plaintiff asserts he did not have a working dryer at home so he had to air dry his pants. According to Plaintiff, his pants did not dry until 3:45, or fifteen minutes prior to the end of his shift and therefore he did not return to work on that day. (Id. ¶¶ 9-11).

Plaintiff went to work the following morning. He was called into the general manager's office and was terminated for being absent from work and for not notifying the senior manager on duty of his whereabouts during the balance of the prior day. (Id. ¶ 12). This is the first time Defendant had disciplined the Plaintiff. (Id. ¶ 13).

Based upon these events, Plaintiff filed suit in this Court alleging race discrimination.[3] Plaintiff claims he was treated differently than others as a result of his race because white employees were allowed to work wearing blue jeans and were not disciplined. (Id. ¶¶ 14-16). Additionally, he claims that he was subjected to retaliation because approximately one month before his termination, his brother (who was a customer of the restaurant) made a written complaint of racial discrimination at the store. (Id. ¶ 21).

---

[3]Defendant asserts it was never even served with the Summons and Complaint. Instead, it learned of the existence of this lawsuit through the Court's PACER system. (Docket Entry No. 19 at 2 n.1).

3

After the lawsuit was filed, Defendant served on Plaintiff's counsel six requests for admissions. Those requests were as follows:

> 1. Admit that Plaintiff Elvis D. Jenkins ("Plaintiff") knowingly presented for work on February 24, 2004, in clothing that did not comply with Ryan's uniform policy.
>
> 2. Admit that Plaintiff never complained of any harassment, discrimination, or retaliation to any member of Ryan's management during his employment with Ryan's.
>
> 3. Admit that Plaintiff was not excused from working his assigned shift at Ryan's on February 24, 2004.
>
> 4. Admit that Plaintiff is not aware of any similarly situated white employees being treated more favorably than Plaintiff with respect to Ryan's enforcement of its uniform policy.
>
> 5. Admit that no member of Ryan's management ever spoke with Plaintiff about Plaintiff's brother's letter to Ryan's in which Plaintiff's brother alleged he was mistreated at the Clarksville, Tennessee store.
>
> 6. Admit that Plaintiff abandoned his job with Ryan's on February 24, 2004, after he was sent home to change clothes due to his failure to comply with Ryan's uniform policy.

(Docket Entry No. 18 Ex. 1). Those Requests for Admissions were served on March 1, 2006, but Plaintiff did not make any sort of response to the requests until he filed his memorandum in opposition to the Motion for Summary Judgment some 110 days later. In that response, Plaintiff's only explanation for not responding sooner is that "Plaintiff's office inadvertently was not aware that the same had been forwarded[.]" (Docket Entry No. 30).

4

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In

5

ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. LEGAL ANALYSIS

#### A. Failure To Timely Respond To Requests for Admissions

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides that unless a party responds to a request for admission within thirty days,[4] "the matter is admitted." Fed. R. Civ. P. 36(a). The Rule further provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

In this case, Plaintiff admittedly did not respond to the Requests for Admissions in a timely fashion, nor has he complied with the Federal Rules of Civil Procedure. Plaintiff has only "responded" to the requests for admissions by providing answers to the requests in his response brief. He has not otherwise served Defendant with a response to the Requests for Admission. (Docket Entry No. 35 at 2).

However, in his opposition brief, Plaintiff states the Requests for Admission "are . . . denied, and Plaintiff's office

---

[4]This time period may be extended by agreement of the parties or by Order of the Court.

6

Case 3:05-cv-00623   Document 39   Filed 08/31/06   Page 6 of 16 PageID #: 161

inadvertently was not aware that the same had been forwarded and seeks [relief?] under Rule 60(b) of the Federal Rules of Civil Procedure." (Docket Entry No. 30 at 1). Though not submitted in motion form, and though there is no specific request asking that the admissions be withdrawn, Plaintiff's reference to Rule 60(b) suggests that he desires withdrawal of the admissions.

Plaintiff's failure to timely respond to the Requests for Admission or proffer a compelling reason for his tardiness means that the Court must accept the admissions and not consider contradictory evidence presented by the Plaintiff in ruling on the Motion for Summary Judgment. See e.g., SEC v. Dynasty Fund, Ltd., 121 Fed. Appx. 410, 411 (2d Cir. 2005); Chao v. Meggitt, 2006 WL 22526 at *2 (N.D. Ohio 2006); Haun v. Humana Inc., 651 F.Supp.2d 120, 122 (W.D. Ky. 1986). However, the Court has discretion to permit the withdrawal of an admission. Kerry Steel, Inc. v. Paragon Indus. Inc., 106 F.3d 147, 154 (6th Cir. 1997).[5] "The court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) 'when the presentation of the merits of the action will be subserved thereby,' and (2) 'when the party who obtained the admission fails to satisfy the court that withdrawal

---

[5]Rule 36(b) contemplates that a request to withdraw an admission will be made by motion. Nevertheless, a motion to withdraw is not critical, so long as the Court is adequately apprized that the party is seeking to withdraw the admission. Id. at 153-154.

7

or amendment will prejudice that party in maintaining the action or defense on the merits.'" Id. (citation omitted).

There is no doubt that the presentation of the merits of this case will be served by allowing the withdrawal of the admissions because with those admissions Plaintiff has absolutely no case. As for prejudice to Defendant, "[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," but instead "relates to special difficulties a party may face caused by a sudden withdrawal or amendment of an admission." Id. (internal quotation marks omitted). The civil rules envision that admissions obtained from an opposing party may be relied upon by the requesting party in preparing the case for trial. Otherwise, the orderly progress of discovery and trial preparation is interrupted. In this case, however, Defendant will not be prejudiced by allowing withdrawal of the admissions because even without those admissions, it is entitled to summary judgment.

Accordingly, the Court will exercise its discretion and deem the admissions withdrawn. The Court finds that this case should be considered on its merits and that the sins of counsel's office should not be visited on the Plaintiff.

**B. Disparate Treatment Claims**

"Disparate treatment occurs when an employer treats some employees less favorably than others because of race[.]" Hughley v.

8

General Motors Corp., 52 F.3d 1364, 1370 (6th Cir. 1995). "To base a claim on disparate treatment, the plaintiff must show discriminatory motive," id., and this may be shown either through direct evidence or indirect evidence utilizing the burden shifting paradigm of McDonnell Douglas v. Green, 411 U.S. 792 (1973). Since Plaintiff presents no direct evidence of disparate treatment in this case, he must show (1) membership in a protected class, (2) an adverse employment action, (3) qualification, and (4) dissimilar treatment to one similarly situated. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992).

Upon such a showing, a defendant may rebut the presumption of discrimination by proffering a legitimate, nondiscriminatory reason for its decision, with the plaintiff then bearing the burden of showing that the defendant's proffered reason is pretextual. Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000). "A plaintiff can demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." Id.

Plaintiff claims he was treated differently on account of his race because he was terminated for wearing blue jeans at work whereas whites who arrived in such attire were not terminated or subjected to discipline. In support of that contention, Plaintiff has submitted an Affidavit in which he avers in relevant part:

9

> 15. Other white employees were allowed to wear blue jeans and were not sent home to change, not terminated, during my tenure with the Defendant.
> 16. I personally know employees who worked with me that were out-of-uniform, wearing blue jeans and not disciplined.
> 17. I had obtained statements from other employees relative to the white employees not being disciplined for wearing blue jeans as opposed to uniform pants.

(Jenkins Aff. ¶¶ 15-17). Plaintiff also has submitted an unsworn statement from Rita Faulkner in which she states:

> One day while I Rita Faulkner was working, Jeff Greene ask [sic] me if I would go work on the hot bars and let another co worker work in the grill room because the guy had on Blue Jeans and he (Jeff) wanted to keep him out of sight because we had the district manager there and the guy that was over the district manager. So I did like I was asked.

(Docket Entry No. 32, Ex. 2). Plaintiff has also submitted an unsigned statement from Wayne Johnson in which he states:

> To whom it may concern, I am writing this letter to give my acount [sic] of the events surrounding the firing of Elvis Jenkins. I feel that it was unjustified for him to be fired due to uniform violations when I myself along with other employees were also out of uniform on the day in question. I feel that if Elvis was fired than [sic] everyone who was out of uniform should have also been fired.

(Id Ex. 1).

The statements from Faulkner and Johnson, being unsworn, do not meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and as such are to be disregarded in ruling on a motion for summary judgment. Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962, 968-969 (6th Cir. 1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970)). However, even if the Court

10

considers those statements and Plaintiff's affidavit, Plaintiff has failed to present a jury issue as to whether he was subject to disparate treatment.

Essential to a claim of disparate treatment is that one or more other similarly situated non-minority employees were treated differently. To establish this "similarity," the plaintiff is "required to prove that all of the relevant aspects of his employment situation were 'nearly identical' to those of [the non-minority's] employment situation." <u>Ercegovich v. Goodyear Tire & Rubber Co.</u>, 154 F.3d 344, 352 (6th Cir. 1998).

Even though "[e]xact correlation is not required," in order "[t]o be similarly situated, 'the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." <u>Smith v. Leggett Wire Co.</u>, 220 F.3d 752, 762 (6th Cir. 2000).

Based upon the Affidavit and statements submitted by Plaintiff, this Court has no way of knowing whether the unnamed individuals who allegedly wore blue jeans to work were similarly situated to Plaintiff or indeed whether the persons referenced by Johnson and Faulkner were even non-minority employees. The improperly dressed employees are not named (except for Johnson

11

whose race is not disclosed), their positions are not provided, their supervisors are not identified, and the circumstances for their allegedly being out of uniform are not described.

The Court notes that in a section of his brief dealing with the Requests for Admission, Plaintiff states that Faulkner and Johnson were white employees who worked in his department. This is not evidence for purposes of Rule 56 because it is another unsworn statement unsupported by admissible evidence. Even with the Court bending over backwards to accommodate the requests of the Plaintiff, he must learn to comply with the rules of civil procedure and evidence. However, the fundamental issue in this case remains unaddressed by Plaintiff, i.e. whether other employees who failed to return to work or call in after being sent home to change into their uniforms were treated differently.

Additionally, even if Plaintiff could show appropriate jean-wearing, non-minority comparators, Plaintiff has not shown that he was treated differently because of his race. Defendant's claim is not simply that Plaintiff was terminated for wearing blue jeans. Its basic claim is that Plaintiff was terminated when he abandoned his job by not returning to work after being sent home to change. Plaintiff has presented absolutely no evidence that any other employee was sent home from work to change and then did not return.

Even assuming Plaintiff can establish a *prima facie* case, Defendant has presented a legitimate non-discriminatory reason for

12

its action and Plaintiff does not even argue, let alone present evidence to show, that the reason given is pretextual. The stated reason for termination was job abandonment by virtue of Plaintiff's failure to return to work on February 24, 2004, after being sent home to return in his uniform pants. Plaintiff presents no evidence which would suggest that failure to return to complete a scheduled shift is not a terminable offense or that African Americans who failed to return to work were treated any differently than whites in the same situation.

"The essence of a disparate treatment case is that the employer simply treats some people less favorably than others because of race[.]" Brown v. Brentwood Music, Inc., 1998 WL 415832 at *1 (6th Cir. 1998). "In proving a circumstantial case, it is the plaintiff's burden to call to the Court's attention evidence that [the company] actors treated the plaintiff differently than similarly-situated employees outside the protected class." Jamison v. Dow Chemical Co., 354 F.Supp.2d 715, 734 (E.D. Mich. 2004)(citing Johnson v. University of Cincinnati, 215 F.3d 561, 572 (6th Cir. 2000)). Plaintiff has not done so and accordingly, the Court finds Plaintiff has presented no evidence from which a jury could reasonably conclude that his termination occurred because of his race. Accordingly, summary judgment will be granted on Plaintiff's disparate treatment claim.

13

**C. Retaliation Claim**

In order to establish a *prima facie* case of retaliation on the basis of race, Plaintiff must show that (1) he engaged in statutorily protected activity; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 791 (6th Cir. 2000)(emphasis omitted). "If and when a plaintiff has established a *prima facie* case, the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." Id. at 792-93 (citation omitted). "The plaintiff, who bears the burden of persuasion throughout the entire process, then must demonstrate 'that the proffered reason was not the true reason for the employment decision.'" Id. at 793 (citation omitted). In this case, Plaintiff's retaliation claim under Title VII fails because he cannot establish a *prima facie* case, nor can he rebut the legitimate non-discriminatory reason given for his discharge.

Plaintiff has not presented a *prima facie* case of retaliation for at least three reasons. First, he has not presented any evidence that he engaged in statutorily protected conduct. The

14

only evidence is that his brother supposedly wrote a letter claiming that he (the brother) had been discriminated against as a customer. Second, Plaintiff has presented no evidence that any exercise of statutorily-protected rights was known by the decisionmaker. All Plaintiff has done is state in conclusory fashion that his brother complained about improper treatment but there is no evidence in the record as to whom the complaint was made, or even the substance of the actual complaint. Third, Plaintiff has not shown a causal connection between any protected activity and his termination since, again, there is no evidence presented that the decisionmaker was even aware that his brother made a complaint. Simply put, there is no evidence the alleged complaint factored into the decision to terminate Plaintiff.

Moreover, Defendant has articulated a legitimate nondiscriminatory reason for Plaintiff's termination. Plaintiff has presented no evidence which would even remotely suggest that Plaintiff's termination for failing to return to work after being sent home to change "was a lie or a pretext to cover-up some other reason." Noble v. Brinker Intern., Inc., 391 F.3d 715, 734 (6th Cir. 2004). Accordingly, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## IV. CONCLUSION

On the basis of the foregoing, Defendant's Motion for Summary Judgment (Docket Entry No. 18) will be granted and this case will be dismissed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

16